United States Court of Appeals

FOR THE EIGHTH CIRCUIT
_____

Nos. 96-1325/1658
_____

Warren C. Hartje; Jean E.           *
Hartje; Warren Hartje Sales         *
Company Employees' Pension          *
Plan & Trust,                       *
                                    *
       Plaintiffs/Appellants,       *
                                    *
Philip F. Florence; Audrey K.       *
Florence; Scott W. Florence;        *   Appeals from the United States
Empire Paper Company Profit         *   District Court for the District
Sharing Trust,                      *   of Minnesota.
                                    *
       Plaintiffs,                  *
                                    *
     v.                             *
                                    *
Federal Trade Commission;           *
Bennett Rushkoff; United            *
States of America,                  *
                                    *
       Defendants/Appellees.        *


_____

Submitted:  November 21, 1996

Filed:  February 13, 1997
_____

Before BEAM and LOKEN, Circuit Judges, and MOODY,[1] District Judge.
_____

BEAM, Circuit Judge.


     Appellants Warren and Jean Hartje and the Hartje Sales Company
Employees' Pension Plan (Hartje plaintiffs) and Philip, Audrey and
Scott Florence and the Empire Paper Company Profit Sharing Plan

_____

     [1]The Honorable James M. Moody, United States District Judge
for the Eastern District of Arkansas, sitting by designation.

(Florence plaintiffs) appeal the district court's[2] dismissal of their actions against the United States, the Federal Trade Commission (FTC), and Bennett Rushkoff, counsel for the FTC. We affirm.

## I. BACKGROUND

The Hartje and Florence plaintiffs invested money in rare coins sold by T. G. Morgan, Inc. (TGM). Michael Blodgett, TGM's chief executive officer, personally made the coin sales to the plaintiffs. Blodgett, however, was in the habit of selling single coins to multiple customers, greatly overstating the value of such coins, and using coins he had already sold as collateral to obtain loans for his personal use. In connection with these and other coin sales, Blodgett was eventually convicted of twenty-two counts of fraud.

In response to these fraudulent actions, the FTC initiated a civil enforcement action against TGM and Blodgett. A temporary restraining order (TRO) was later entered in federal district court, freezing the assets of TGM. A consent order, prohibiting TGM and Blodgett from further selling or purchasing coins without court approval, followed the TRO. The district court then appointed Armen R. Vartian as interim receiver to handle the disposition of TGM's assets. Vartian was given control over TGM's property and was charged with liquidating the assets to cover the attorney fees of TGM and Blodgett and to defray Blodgett's living expenses. The district court also instructed Vartian to return coins to bona fide owners with uncontested ownership claims and to consider and document contested ownership claims.

The receiver liquidated many coins from TGM's collection, some of which allegedly belonged to the Hartje and Florence plaintiffs.

---

[2]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

Plaintiffs claim they received no notice of the coin liquidation and that the FTC and its counsel Rushkoff knew, or should have known, of the existence of their ownership claims. Plaintiffs further assert that once they notified the FTC about their claims, the FTC and Rushkoff informed the receiver that such claims were meritless and that liquidation should continue. According to the plaintiffs, this advice amounts to illegal interference with their property rights.

Initially, plaintiffs tried to intervene in the FTC enforcement action. Their motion was denied as untimely. They then sued the receiver in federal district court. That action was dismissed based on official immunity. In addition, plaintiffs have been involved in TGM's bankruptcy proceedings. Still displeased, plaintiffs brought actions against the United States, the FTC and Rushkoff under the Employee Retirement Income Security Act (ERISA), the Federal Tort Claims Act (FTCA), and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The district court dismissed the actions for failure to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6). Plaintiffs appeal only the dismissal of their FTCA and Bivens actions. We affirm.

## II. DISCUSSION

The plaintiffs assert numerous claims against the United States under the FTCA, alleging, among other things, that the United States: (1) deprived them of their property without due process or adequate compensation in violation of the Minnesota Constitution; (2) illegally interfered with their property rights; and (3) negligently failed to supervise the receiver or require the receiver to be bonded.

By waiving sovereign immunity for certain injuries and losses, the FTCA provides a remedy for torts committed by federal officers. 28 U.S.C. § 1346(b). However, the discretionary function exception

to the FTCA prohibits the maintenance of claims which are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).  See Berkovitz v. United States, 486 U.S. 531, 535 (1988).  This exception shields the United States from liability in this case.

The district court correctly found that Rushkoff was performing a discretionary function while conducting the FTC enforcement action in his position as FTC Counsel.  This finding encompassed Rushkoff's actions in advising the receiver as to specific ownership claims.  As the district court stated:

> Making judgments and recommendations about potential TGM customer claims was within [Rushkoff's] role as FTC Counsel.  The possibility that Rushkoff's recommendations to the receiver were mistaken does not take his actions to the level of an unconstitutional taking or denial of due process, nor does it remove them from the discretionary function exception.

Hartje v. FTC, No. 3-94-1288, mem. order at 10 (D. Minn Dec. 4, 1995).

Furthermore, the decision-making responsibility in the coin liquidation activities of which plaintiffs complain rested with the receiver and not with the FTC or Rushkoff.  The receiver, in turn, was appointed by the district court and was not responsible to either the FTC or Rushkoff.  Consequently, plaintiffs' theories for imposing liability on the United States simply do not fit the facts of this case or the framework of the FTCA.

Plaintiffs' real dispute is with the receiver's handling of their ownership claims.  Plaintiffs had an opportunity to reach the receiver in their prior district court action.  Additionally, plaintiffs had the chance to intervene in the enforcement action and have been involved in the bankruptcy action.  Plaintiffs' lack

of success in other actions simply does not justify imposing liability on the defendants in the present suit.

In their <u>Bivens</u> action, plaintiffs argue that the liquidation proceedings operated as an unconstitutional taking of their property without adequate compensation and a denial of their due process rights under the Fifth Amendment. A <u>Bivens</u> action, which provides a cause of action for a constitutional violation, is only available against federal officers, not government entities. <u>Bivens</u>, 403 U.S. at 397. Therefore, the United States and the FTC are not proper <u>Bivens</u> defendants because of sovereign immunity. <u>Phelps v. U.S. Fed. Gov't</u>, 15 F.3d 735, 739 (8th Cir. 1994).

Even against Rushkoff, however, this <u>Bivens</u> action is untenable because Rushkoff is protected by qualified immunity. <u>See</u>, <u>e.g.</u>, <u>Butz v. Economou</u>, 438 U.S. 478, 507 (1978) (officials are entitled to qualified immunity unless actions knowingly violate a clearly established constitutional right). Qualified immunity protects Rushkoff from liability for mistakes in judgment. None of the actions alleged here either rise above the level of a mistake or to the level of a due process violation. <u>Id.</u> Therefore, we agree with the district court that plaintiffs simply offered no evidence which would deny Rushkoff qualified immunity. We have considered the remainder of plaintiffs' claims and find them to be without merit.

**III. CONCLUSION**

The district court's order dismissing plaintiffs' actions is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-